WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Nicholas G. Hood, Esq., SBN 238620
Magdalena D. Kozinska, Esq., SBN 258403
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660 *(Fischer, Barry/Pleadings/Motion to Dismissbk)*
Tel: (949) 477-5050; Fax: (949) 477-9200
rfinlay@wrightlegal.net; nhood@wrightlegal.net;
mkozinska@wrightlegal.net

Attorneys for Defendant,
AMERICAN HOME MORTGAGE SERVICING, INC.

FILED
SEP 23 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:           Deputy Clerk

# U.S. BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA (LOS ANGELES)

In re:

BARRY FISCHER,

    Debtor,

---

BARRY FISCHER,

    Plaintiff,

vs.

AMERICAN HOME MORTGAGE SERVICING, INC.,

    Defendant.

) BK Case No.: 2:05-BK-47011-VZ
) Adv. Case No.: 2:09-AP-02018-VZ
)
) *Assigned to the Honorable Vincent P. Zurzolo*
)
) **NOTICE OF MOTION AND**
) **MOTION TO DISMISS PLAINTIFF'S**
) **COMPLAINT FOR FAILURE TO**
) **STATE A CLAIM UPON WHICH**
) **RELIEF CAN BE GRANTED OR, IN**
) **THE ALTERNATIVE, FOR A MORE**
) **DEFINITE STATEMENT**
)
) **[FRCP Rule 12(b)(6), (e)]**
)
) <u>Hearing</u>
) Date: November 5, 2009
) Time: 11:00 a.m.
) Ctrm.: 1360
) *[Filed Concurrently with Request for Judicial Notice and (Proposed) Order]*

-i-

MOTIONS TO DISMISS AND FOR A MORE DEFINITE STATEMENT

| | |
|---|---|
| 1 | **TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:** |
| 2 | |
| 3 | **PLEASE TAKE NOTICE** that on November 5, 2009, at 11:00 a.m. in Courtroom 1365 of the above-captioned Court located at 255 East Temple Street, Los Angeles, California 90012, Defendant, AMERICAN HOME MORTGAGE SERVICING, INC. ("AHMSI"), by and through its attorneys of record, Wright, Finlay & Zak, LLP, will move this Court for an Order dismissing it from the Complaint of Plaintiff, BARRY FISCHER ("Plaintiff"), pursuant to the *Federal Rules of Civil Procedure* ("*FRCP*"), Rule 12(b)(6) via Federal Rules of Bankruptcy Procedure, Rule 7012 Rule for failure to state a claim upon which relief can be granted. Such motion will be brought on the grounds that, after reviewing the non-conclusive allegations of the Complaint, Plaintiff has failed to plead essential facts which give rise to his claims and/or the claims are barred (1) on their face and/or (2) as a result of matter which may properly be judicially noticed by the Court. |
| 16 | /// |
| 17 | /// |
| 18 | /// |
| 19 | /// |
| 20 | /// |
| 21 | /// |
| 22 | /// |
| 23 | /// |
| 24 | /// |
| 25 | /// |
| 26 | /// |
| 27 | /// |
| 28 | /// |

-ii-

MOTIONS TO DISMISS AND FOR A MORE DEFINITE STATEMENT

**PLEASE TAKE FURTHER NOTICE** that AHMSI will alternatively move this Court pursuant to *FRCP* Rule 12(e) for an Order requiring Plaintiff to provide a more definite statement of his claims.

These Motions is based upon this Notice of Motions and Motions, the supporting Memorandum of Points and Authorities set forth below, the Request for Judicial Notice filed concurrently herewith, the complete files and records in this action, the oral argument of counsel, if any, and such other and further evidence as the Court might deem proper.

Respectfully submitted,
WRIGHT, FINLAY & ZAK, LLP

Dated: September 23, 2009   By: _____

T. Robert Finlay, Esq.
Nicholas G. Hood, Esq.
Magdalena D. Kozinska, Esq.
Attorneys for Defendant, AMERICAN HOME MORTGAGE SERVICING, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On October 14, 2005, Plaintiff filed for Chapter 7 bankruptcy protection with this Court. On December 20, 2006, this Court issued an Order abandoning the Property from the bankruptcy estate and back to Plaintiff. Plaintiff claims that on July 21, 2008, he was offered a loan modification by AHMSI. On February 11, 2009, Plaintiff filed an unlimited Complaint in the United States District Court, for the Central District of California which he voluntarily dismissed on July 31, 2009. Plaintiff now brings forward this Complaint which fails to state causes of action upon which relief can be granted as the alleged agreement does not comport with the Bankruptcy Code and no breach of contract has occurred.

## II. STATEMENT OF FACTS

On or about August 11, 2005, Plaintiff Barry Fischer ("Plaintiff") executed a promissory note ("Note")[1] in the amount of $900,000.00 ("Loan") in favor of the lender Option One Mortgage Corporation ("OPTION"). The Note was secured by the subject property (the "Property") through a recorded Deed of Trust ("DOT"), which named Plaintiff as trustor, PREMIER TRUST DEED SERVICES, INC. as the trustee, and OPTION as the beneficiary.[2]

Interestingly, on October 14, 2005, just two (2) months after executing the Loan and DOT, Plaintiff filed for Chapter 7 bankruptcy protection with this Court ("Bankruptcy Case").[3] On December 20, 2006, this Court issued an Order abandoning the Property from the bankruptcy estate and back to Plaintiff.[4] Subsequently, on July 1, 2008, Plaintiff alleges that OPTION assigned the Note to Defendant American Home Mortgage Servicing, Inc. ("AHMSI").[5]

---

[1] Request for Judicial Notice ("RJN") filed concurrently herewith at Exhibit "1."
[2] See RJN, Exhibit "1" at Exhibit "C" thereto.
[3] Complaint ¶ 1.
[4] Complaint ¶ 8; RJN, Exhibit "5."
[5] Complaint ¶ 9.

-1-

On February 11, 2009, Plaintiff filed a Complaint in the United States District Court, for the Central District of California (Western Division – Los Angeles), *Fischer v. American Home Mortgage Servicing, Inc.*, (Case Number 09-CV-01005-GHK(PLAx) ("Federal Case"), where, similar to the instant Action, Plaintiff sued AHMSI for Breach of Contract, Specific Performance and Injunctive Relief, among other claims. On July 13, 2009, U.S. District Judge George H. King granted AHMSI's previously filed Motion to Dismiss the Federal Case in its entirety providing Plaintiff leave to amend.[6] Rather than amending the Federal Case, Plaintiff voluntarily dismissed the case without prejudice on July 31, 2009.[7]

On October 18, 2009, Plaintiff filed the present Complaint, wherein he re-alleges the same claims he raised in the Federal Case, except for those allegations involving the Truth-In-Lending Act. Plaintiff again claims that (a) on July 21, 2008, AHMSI made him an "offer" to modify the Note, (b) that the "offer" was relayed to his bankruptcy counsel, Byron Moldo, and (c) that Plaintiff "accepted" the "offer" on August 1, 2008, by writing an "acceptance" email to AHMSI and sending a check in the amount of $7,518.71 on the next day.[8] In addition, Plaintiff alleges that AHMSI denied his "acceptance and tender" by informing him on or about October 14, 2008, that his request for modification of the Note was denied since the Property was protected under present the active Chapter 7 bankruptcy.[9]

///
///
///
///

---

[6] RJN, Exhibit "2."
[7] RJN Exhibit "3."
[8] Complaint ¶¶ 11-14.
[9] Complaint ¶ 15.

-2-

## III. DISCUSSION

### A. The Standards to Be Applied To a Motion To Dismiss.

It is well-established that a complaint may be dismissed pursuant to *FRCP*, Rule 12(b)(6) if it appears beyond doubt that plaintiff can prove no set of facts in support of its claim which would entitle it to relief.[10] Specifically, even though a "short and plain statement" of the claim must be alleged,[11] a complaint may be dismissed as a matter of law under *FRCP*, Rule 12(b)(6) for (a) lack of a cognizable legal theory or (b) insufficient facts under a cognizable legal claim.[12] In terms of the latter, "factual allegations must be enough to raise a right to relief above the speculative level"[13] and "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" must be alleged.[14]

Also, where allegations in pleadings and the exhibits thereto conflict, the exhibits control,[15] while the court may not "supply essential allegations of the claim that were not initially pled."[16] Further, when ruling on a motion to dismiss, all well-pled facts in the complaint are deemed true,[17] however conclusory allegations are disregarded.[18] Thus, the liberality with which courts view pleadings cannot salvage a conclusive claim unsubstantiated by transparent fact.[19] Finally, the court does not have to accept alleged facts as true, when they contradict matters subject to judicial notice.[20]

---

[10] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).
[11] *FRCP*, Rule 8(a)(2).
[12] *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-534 (9th Cir. 1984); see generally *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).
[13] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted).
[14] *Id.*
[15] *Simmons v. Peavy-Welsh Lumber Co.* 113 F.2d 812, 813 (5th Cir. 1940).
[16] *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).
[17] *Shah v. County of Los Angeles*, 797 F.2d 743, 745 (9th Cir. 1986).
[18] *McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987).
[19] *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).
[20] *Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956).

-3-

B. **The Complaint Lacks A Claim Upon Which Relief May Be Granted.**

   1. **FRBP, Rule 7012(b) Statement**

   AHMSI denies that the present adversary Action is a core proceeding. This is because the property was abandoned by the present Bankruptcy Estate on December 19, 2006,[21] and the allegations involve a purported "loan modification" occurring well after the instant Bankruptcy was commenced and after the Order of Abandonment. As such, this adversary action does not fall within the definition of a Core proceeding per 28 USC §57(b)(2).

   Regardless, AHMSI consents to the entry of final orders or judgment by the present Honorable Bankruptcy Judge.

   2. **The First & Second Causes of Action Are Legally Defunct.**

   Aside from lacking any specific factual allegations, the First and Second Causes of Action for Breach of Contract and Specific Performance, respectively, are defective.

   The *In re Cruseturner*[22] Court has held that property which has been abandoned from a bankruptcy estate simply reverts back to the debtor and *remains* subject to the bankruptcy's automatic stay provisions under 11 U.S.C. § 362(a)(5).[23] The *Cruseturner* Court continued:

   > "The effect of Section 362(a)(5) is to provide the debtor with separate protection of his property. This enables him to exercise his right to redeem either by acquiring refinancing or by otherwise gathering the necessary funds, or to *negotiate a reaffirmation*. Unless earlier relief is requested by the creditor, the *creditor may not repossess property*, despite any abandonment by the trustee, until one of the three acts specified in Section

---

[21] RJN, Exhibit "5."
[22] *In re Cruseturner*, 8 B.R. 581 (Bkrtcy.Utah, 1981).
[23] *Id.* at 589-592.

-4-

362(c)(2) occurs... Likewise, the stay will cover property which may be the *subject of reaffirmation agreements*."[24]

Therefore, in the present matter, since the Note, as distinguished from its security interest in the Property, remains subject to discharge by the Bankruptcy Case, especially considering that there is a possibility of obtaining deficiency judgment through a judicial foreclosure since the debt exceeds the present value of the Property, any modification of the terms of the Note would be a reaffirmation of the debt by Plaintiff.[25] In other words, by entering into a modification of the Note *subsequent* to the filing of his bankruptcy, which remains an active matter, Plaintiff would *re-obligate* himself, personally, to the debt, which would otherwise be discharged after liquidation of his assets. Since the subject alleged agreement to the First and Second Causes of Action is purely a reaffirmation agreement, strict adherence to the Bankruptcy Code is required.[26]

As such, a reaffirmation agreement must (1) be executed before general discharge has been granted, (2) be in consideration for dischargeable debt, whether or not debtor waived discharge of debt, (3) include clear and conspicuous statements that debtor may rescind reaffirmation agreement at any time prior to granting of general discharge, or within 60 days after execution of agreement, whichever occurs later, and that reaffirmation is neither required by Bankruptcy Code nor by nonbankruptcy law; (4) be filed with bankruptcy court; and (5) be accompanied by affidavit of debtor's attorney attesting that debtor was fully advised of legal consequences of the agreement, that debtor executed agreement knowingly and voluntarily, and that agreement would not cause the debtor undue hardship.[27]

---

[24] *Id.* at 592. (Emphasis Added).
[25] See *In Re Mandrell*, 50 B.R. 593, 595 (Bkrtcy.Tenn, 1985).
[26] See *In re Petersen*, 110 B.R. 946 (Bkrtcy.D.Colo. 1990).
[27] 11 U.S.C. § 524(c);see *In re Jamo*, 283 F.3d 392, 397 (C.A.1, 2002).

MOTIONS TO DISMISS AND FOR A MORE DEFINITE STATEMENT

Here, on the face of the alleged written "offer" from AHMSI to Plaintiff, which is attached to Plaintiff's Complaint as Exhibit "A", it is apparent the Bankruptcy Code's requirements above were not met. First, the requisite statements described in subset (3) above were not included and Plaintiff does not allege otherwise.[28] Second, there is no allegation that this purported modification "agreement" was filed with the Bankruptcy Court as required.[29] Third, there are no affidavits by Plaintiff's bankruptcy attorney, Moldo Davidson Fraioli, or any other counsel, filed with the Bankruptcy Court, nor are there any allegations in the Complaint that such affidavits exist, which would attest that Plaintiff executed the modification "agreement" under advice of counsel, that the agreement was executed knowingly and voluntarily, and that the agreement will not cause Plaintiff undue hardship.[30] Finally, the purported "offer" makes it clear that approval from the Court, if applicable, was necessary,[31] but the Complaint does not make it clear whether Plaintiff investigated the issue or whether the Bankruptcy Court's approval was, in fact, needed.[32] Instead, Plaintiff admits that his sole response was to send an e-mail and a check.[33]

As demonstrated above, the Bankruptcy Code's requirements for reaffirmation of debt have not been met in the present matter and thus, the alleged modification "agreement", if any, is unenforceable as a matter of law.[34] Additionally, although conclusively pled, Plaintiff has not fully performed under the terms of the alleged "agreement," since he did not obtain Bankruptcy Court's approval nor did he make the Note's required September 1st payment.[35]

---

[28] See Complaint and Exhibit "A" attached thereto; See RJN Exhibit "1" at Exhibit "E."
[29] RJN Exhibit "4"; See Complaint and RJN Exhibit "1."
[30] Id.
[31] See Exhibit "A" of Complaint.
[32] See Complaint.
[33] Complaint ¶ 14.
[34] Cox v. Zale Delaware, Inc., 239 F.3d 910 (7th Cir. 2001)
[35] Cal Civ. Pro Code § 457; Wise v. Southern Pac. Co., 223 Cal.App. 2d 50, 59; See Complaint and Exhibit "A" attached thereto; See RJN Exhibit "1" at Exhibit "E."

MOTIONS TO DISMISS AND FOR A MORE DEFINITE STATEMENT

Since the Second Cause of Action is fatally dependent on the First Cause of Action and the existence of a valid modification "agreement", each of which have been shown invalid above, it too shall fail. Moreover, in order to obtain specific performance an action for damages must be inadequate.[36] Here, Plaintiff has not demonstrated that an action for damages would be inadequate.

For the reasons above, the First and Second Causes of Action should be dismissed without leave to amend.[37]

### 3. The Third Cause of Action Is Fatally Defective.

Injunctive relief is a <u>remedy</u> and not, in itself, a cause of action.[38] A cause of action must exist before injunctive relief may be granted.[39] In order to state on a cause of action for injunctive relief, Plaintiff must establish the probable likelihood that he will prevail on the merits of the underlying causes of action.[40]

As discussed above, neither of the Complaint's preceding causes of action are valid. Further, there are no allegations contained in the Third Cause of Action that would create an independent underlying cause of action.[41] Therefore, the Third Cause of Action does not contain a claim upon which relief can be granted and thus, the Motion to Dismiss should be granted, without leave to amend.[42]

### C. <u>Alternatively, The Court Should Order A More Definite Statement</u>.

*FRCP* Rule 12(e) states in part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement.

---

[36] B.E. Witkin, *Summary of California Law* Vol 13 Equity Section 24 pg 312-314 (West 10th Ed 2005) and citations therein.
[37] *FRCP*, Rule 12(b)(6).
[38] *Shell Oil v. Richter*, 52 Cal. App. 2d 164, 168 (1942).
[39] *Id.*
[40] *Langford v. Sup. Ct.*, 43 Cal. 3d. 21 (1987).
[41] Complaint ¶¶ 27-30.
[42] *FRCP*, Rule 12(b)(6).

-7-

MOTIONS TO DISMISS AND FOR A MORE DEFINITE STATEMENT

A motion for more definite statement will be granted where the complaint does not apprise the defendant of the substance of the claim being asserted.[43] A *FRCP* Rule 12(e) motion is proper where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted and is therefore, unable to frame a proper response.[44]

As demonstrated by the face of the Complaint, the claims against AHMSI are wholly vague, unclear, uncertain and indefinite, especially with respect to the breach of contract allegations, which makes it impossible for AHMSI to frame a proper response. Thus, Plaintiff, at minimum, should be required to provide a more definite statement to the First and Second Causes of Action in their entirety.

## IV. CONCLUSION

Based upon the foregoing, AHMSI respectfully requests that the Court grant its Motion to Dismiss the Complaint, without leave to amend. Alternatively, it is respectfully requested that the Court grant its Motion for a More Definite Statement.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: September 23, 2009    By: _____

T. Robert Finlay, Esq.
Nicholas G. Hood, Esq.
Magdalena D. Kozinska, Esq.
Attorneys for Defendant,
AMERICAN HOME MORTGAGE SERVICING, INC.

---

[43] *FRA S.P.A v. Surg-O-Flex of America*, 415 F. Supp. 421, 427 (S.D.N.Y. 1976).
[44] *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981).

-8-

## PROOF OF SERVICE

I, Gretchen Grant, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660.

On September 23, 2009, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

### SEE SERVICE LIST

[X] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Newport Beach, California. I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service pursuant to which practice the correspondence is deposited with the U.S. Postal Service the same day in the ordinary course of business.

[ ] (BY ELCTRONIC SERVICE) Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF systems sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 23, 2009, at Newport Beach, California.

_____
Gretchen Grant

1
PROOF OF SERVICE

| | |
|---|---|
| 1 | **SERVICE LIST** |
| 2 | |
| 3 | Barry Fischer, Attorney at Law |
|   | 1925 Century Park East, Suite 1150 |
| 4 | Los Angeles, CA 90067 |
| 5 | 310-788-0900; Fax 310-788-0770 |
|   | ***Plaintiff In Pro Se*** |